# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURIE KENNEDY,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 7:13CV5011<br><br>ORDER |

This matter is before the court on the plaintiff's Motion to Amend the Damages Alleged in the Original Claim (Filing No. 56) and Motion to Further Amend Amount of the Claim (Filing No. 73). The plaintiff filed a brief (Filing No. 58) and an index of evidence (Filing No. 57), with a corrected affidavit (Filing No. 64 p. 3), in support of the original motion. The defendant filed a brief (Filing No. 71) and an index of evidence (Filing No. 70) opposing the motion. The plaintiff filed a brief (Filing No. 75) and an index of evidence (Filing No. 74) in support of the further amendment. The defendant filed a brief (Filing No. 81) opposing further amendment.

## BACKGROUND

This case arises from the injuries sustained by the plaintiff on August 20, 2010, when she fell entering the Scottsbluff, Nebraska, Post Office. **See** Filing No. 1 - Complaint ¶ 4. Specifically, she alleges the surface of the north entrance was uneven with broken tiles in the path of travel causing her to fall. *Id.* Based on the floor's surface, the plaintiff alleges the defendant negligently caused her injuries. *Id.* ¶ 5. On October 17, 2013, the plaintiff filed her Complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq. Id.* ¶ 2. The plaintiff initially alleged she incurred medical expenses, which "exceed $98,000.00 and continue to increase," and other damages due to the injuries sustained on August 20, 2010. *Id.* ¶ 7. The defendant generally denies liability for the plaintiff's damages. **See** Filing No. 6 - Answer.

In support of her Complaint, the plaintiff alleges she timely filed her Claim for Damage, Injury, or Death in compliance with the FTCA's administrative requirements on August 10, 2012, which claim the defendant denied on May 20, 2013. **See** Filing No. 1 -

Complaint ¶ 8; Filing No. 57 - Index of Evidence p. 109 (Ex. E Claim). In the administrative claim, the plaintiff states her personal injury damages and the total amount of the claim is $200,000. **See** Filing No. 57 - Index of Evidence p. 109 (Ex. E Claim p. 1). Also in the claim, the plaintiff explains she suffered injuries to her left knee and the left side of her neck. *Id.* Ex. E Claim p. 3. The plaintiff further explained the fall aggravated preexisting injuries of her left hip resulting in surgery and low back pain. *Id.* The claim describes the plaintiff's treatment through August 10, 2012, and ongoing pain and suffering. *Id.* at 3-8. The plaintiff stated she treated on August 9, 2012, with her physician who was considering the necessity of surgery but who recommended continued physical therapy. *Id.* at 5-6. The plaintiff's physician Henry F. Fabian, Jr., M.D., M.B.A., (Dr. Fabian), an orthopedic surgeon, performed neck surgery on the plaintiff on October 25, 2013. **See** Filing No. 57 - Index of Evidence p. 73 Ex. C Expert Witness Disclosure. On July 6, 2015, as part of her discovery disclosures the plaintiff served an undated letter wherein Dr. Fabian gives the opinion the plaintiff's neck problems and the October 25, 2013, neck surgery were proximately caused by the plaintiff's August 10, 2010, fall. **See** Filing No. 57 - Index of Evidence p. 83 Ex. C Expert Witness Disclosure's attached Ex. B (undated letter).

The parties have engaged in extensive discovery related to the plaintiff's medical history and injuries. The discovery requirements resulted in an eleven-month continuance of the initial trial date. **See** Filing Nos. 25, 32, 39, and 49. Ultimately, the parties sought a stay of proceedings which was granted pending resolution of the plaintiff's motion to amend. **See** Filing No. 78, 80.

On September 11, 2015, the plaintiff filed a motion to amend "the damages alleged in the original claim." **See** Filing No. 56. The plaintiff sought to increase the amount of damages sought from $200,000 to $900,000 due to an escalation in the plaintiff's medical bills after two additional surgeries on her neck and back. *Id.* On November 6, 2015, the plaintiff reformed the motion to amend to seek an increase in the claim to only $400,000. **See** Filing No. 73. The plaintiff alleges her medical costs reflect $175,000 based on neck treatment and surgery, hip treatment and surgery, and knee treatment. *Id.* The plaintiff no longer seeks damages associated with her back surgery. *Id.* Nevertheless, the plaintiff argues the increase in damages represents an

2

unforeseen worsening of her neck condition after the initial claim submission. **See** Filing No. 56.

The defendant opposes amending the claim in any respect. **See** Filing Nos. 71, 81. The defendant contends the amount listed in the administrative claim constitutes the upper boundary of any damages sought by the plaintiff under the stricture set by the FTCA. *Id.* Specifically, the defendant argues the plaintiff and her physicians reasonably anticipated the neck surgery. **See** Filing No. 71 - Response p. 1. Moreover, the plaintiff had adequate time to amend her claim prior to the administrative denial or after. *Id.* at 24-25; Filing No. 81 - Response p. 2-3.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." ***Reuter v. Jax Ltd., Inc.***, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. ***Roberson v. Hayti Police Dep't***, 241 F.3d 992, 995 (8th Cir. 2001); **see *Hanks v. Prachar***, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. ***Sorace v. United States***, 788 F.3d 758, 767 (8th Cir. 2015). Whether to grant a motion for leave to amend is within the sound discretion of the district court. ***Popoalii v. Corr. Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008). A court's scheduling order governs the timing for filing a motion to amend, although upon a showing of good cause the court may modify the schedule. *Id.* (**citing** Fed. R. Civ. P. 16(b)); **see *Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012). Nevertheless, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party

3

failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B). Whether the plaintiff filed her motion as one to amend her Complaint or to augment her administrative claim, she is bound by these procedural requirements. **See** *Reynolds v. United States*, No. S-10-161, 2012 WL 947408, at *1 (E.D. Cal. Mar. 20, 2012). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Popoalii*, 512 F.3d at 497.

The deadline for the plaintiff to move to amend the Complaint was April 2, 2014. **See** Filing No. 12 - Order ¶ 7. Despite the deadline, on January 31, 2014, the plaintiff stated she did not anticipate the need to amend her Complaint. **See** Filing No. 11 - Rule 26(f) Report p. 8. Although the parties sought extensions of other deadlines, neither of them sought to extend the deadline to amend pleadings. On May 18, 2015, in the context of a motion to extend deadlines, the parties mentioned the plaintiff was awaiting additional medical reports since obtaining maximum medical improvement (MMI) in January 2015. **See** Filing No. 38. On August 17, 2015, in the context of a motion to extend other deadlines, the defendant stated the plaintiff's counsel had advised he intended to file a motion to seek damages in excess of the amount claimed in the administrative claim within two weeks. **See** Filing No. 48.

The plaintiff's motion to amend, filed on September 11, 2015, was not timely under the court's progression order. **See** Filing No. 56. The plaintiff provides no explicit explanation for the failure to timely file. Nevertheless, the plaintiff notes on July 6, 2015, she obtained an expert disclosure statement from Henry F. Fabian, Jr., M.D., M.B.A., (Dr. Fabian), in which Dr. Fabian gives the opinion the plaintiff's neck problems and the October 25, 2013, neck surgery were proximately caused by the plaintiff's August 10, 2010, fall. **See** Filing No. 57 - Index of Evidence p. 83 Ex. C Expert Witness Disclosure's attached Ex. B (undated letter). Additionally, on November 6, 2015, for the first time, the plaintiff informed the court she "waited to reach maximum medical improvement before requesting to amend her claim." **See** Filing No. 75 - Reply p. 9.

Under these circumstances, Rule 16(b) requires the plaintiff to show good cause and excusable neglect for the timing of filing the motion to amend. The plaintiff provides some explanation for the delay, stating the plaintiff wanted to achieve MMI prior to the

4

amendment. The plaintiff underwent neck surgery on October 25, 2013, approximately one week after filing this lawsuit. The plaintiff's expert's opinion produced on July 6, 2015, supports the amendment's necessity. The timing of the plaintiff's motion reflects the parties' ongoing discovery about the plaintiff's medical condition, rather than any evidence of undue delay. The plaintiff's oversight in seeking to extend the amendment deadline caused no additional burden to the defendant who was aware of the plaintiff's intention. The plaintiff's neck injury forming the basis for the increase in damages is already central to the current claim.

The defendant also argues the plaintiff's proposed amendment is futile because the plaintiff's complaint is limited to the amount in the administrative claim, which cannot be increased under the present circumstances. A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. **Geier v. Missouri Ethics Com'n**, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." **Gamma-10 Plastics, Inc. v. Am. President Lines**, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." **Becker v. Univ. of Neb.**, 191 F.3d 904, 908 (8th Cir. 1999); **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Rule 12(b)(6)]." **Hintz v. JPMorgan Chase Bank, N.A.**, 686 F.3d 505, 511 (8th Cir. 2012). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski**, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); see **Monahan v. New York City Dep't of Corr.**, 214 F.3d 275, 283 (2d Cir. 2000).

Although the court will not determine the merits of the plaintiff's claims at this time, the defendant fails to meet its burden of showing it would be legally futile to allow the plaintiff to amend the complaint. After reviewing the plaintiff's claims, the court cannot find increasing the damages amount based on the neck surgery is "clearly frivolous." The plaintiff has alleged sufficient facts and a good faith basis to support the amended damage amount. The applicable provision of the FTCA, provides as follows:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

In the Eighth Circuit, even "a known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician, and . . . such 'newly discovered evidence' or 'intervening facts,' if convincingly proved, can warrant § 2675(b) relief." *Michels v. United States*, 31 F.3d 686, 688 (8th Cir. 1994); see *Zurba v. United States*, 318 F.3d 736, 739-40 (7th Cir. 2003) (noting "[a]n unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts' under § 2675(b)"). Although evidence exists in the record suggesting the plaintiff consulted with a surgeon about her neck problems prior to filing her administrative claim, the issue of "when existing medical evidence and advice put the claimant 'on fair notice to guard against'" neck surgery is an issue of fact to be resolved by the trier of fact. **See** *id.*; *Stanek v. United States*, 399 F. Supp. 2d 1025, 1027 (E.D. Mo. 2005). Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Amend the Damages Alleged in the Original Claim (Filing No. 56) is denied as moot.

2. The plaintiff's Motion to Further Amend Amount of the Claim (Filing No. 73) is granted.

3. The plaintiff shall have until **February 5, 2016**, to file an Amended Complaint reflecting the increased amount of the claim.

4. The court will hold a telephone conference on **February 26, 2016, at 10:00 a.m.** for the purpose of reviewing the preparation of the case to date and scheduling the case to trial. The plaintiff's counsel shall initiate the conference with the undersigned magistrate judge and participating counsel.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 22nd day of January, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge