IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LAURIE KENNEDY,              )
                             )
          Plaintiff,         )      7:13CV5011
                             )
     v.                      )
                             )
UNITED STATES OF AMERICA,    )      MEMORANDUM AND ORDER
                             )
          Defendant.         )
_____)
```

This matter is before the Court on the government's objection to the magistrate judge's order (Filing No. 85).  The order at issue is Magistrate Judge Thalken's January 22, 2016, order granting the plaintiff's motion to further amend the amount of the claim (Filing No. 82).  The government argues that Magistrate Judge Thalken did not apply to proper legal standard in granting the plaintiff's motion to amend the amount of the claim (*See* Filing No. 86).  The plaintiff filed a brief in opposition to the objection (Filing No. 91).  After reviewing Magistrate Judge Thalken's order, the briefs, and applicable law, the Court finds as follows.

**Background**

The plaintiff, Laurie Kennedy ("Kennedy"), filed this action against the United States of America on October 17, 2013 (*See* Filing No. 1).  The case arises from the injuries sustained by the plaintiff when she fell entering the Post Office in

Scottsbluff, Nebraska, on August 20, 2010 (*Id.* at ¶ 4). The plaintiff alleges that the defendant negligently caused her injuries due to an uneven surface with broken tiles at the Post Office's north entrance (*Id.* at ¶¶ 4-5). Kennedy filed an administrative claim pursuant to the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. § 2671, *et seq*. The United States Postal Service received the administrative claim on August 16, 2012, which was signed by the plaintiff on August 10, 2012 (Filing No. 57-1, Exhibit E, Admin. Claim, pp. 109-161; Filing No. 70-1, Attachment B). The administrative claim was denied on May 20, 2013 (Filing No. 1 at ¶ 8). In the administrative claim, the plaintiff stated that her personal injury damages and the total amount of the claim was $200,000 (*See* Filing No. 57-1, Exhibit E, Admin. Claim).

On September 11, 2015, the plaintiff filed a motion to amend the damages alleged in the original claim (Filing No. 56). She sought to increase the damages from $200,000 to $900,000 (*Id.*). The plaintiff filed another motion to further amend the amount of the claim to $400,000 (Filing No. 73). On January 22, 2016, Magistrate Judge Thalken entered an order granting the plaintiff's motion to further amend the amount of the claim to $400,000 (Filing No. 82). The government objected to Magistrate Judge Thalken's order (Filing No. 85).

**Standard of Review**

Under Rule 72 of the Federal Rules of Civil Procedure, a district judge must set aside the magistrate judge's order if it was "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Brooks v. Lincoln National Life Ins. Co.,* No. 8:05CV118, 2006 WL 2487937, at *3(D. Neb. Aug. 25, 2006)(citing *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)). "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law." *Id.* (citing *Olais-Castro v. United States*, 416 F.2d 1155, 1158 n. 8 (9th Cir. 1969)).

**Law**

Prior to filing suit against the Federal Government under the FTCA, a plaintiff must exhaust all administrative remedies. 28 U.S.C. § 2675. Under section 2675(b),

> the amount of a claim presented to a federal agency limits the claimant's recovery in a subsequent FTCA lawsuit, "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation

-3-

> and proof of intervening facts, relating to the amount of the claim."

*Michels v. United States*, 31 F.3d 686, 687-88 (8th Cir. 1994) (citing 28 U.S.C. § 2675(b))). "[W]hen existing medical evidence and advice put the claimant 'on fair notice to guard against the worst-case scenario' in preparing the administrative claim, a § 2675(b) motion to increase the claim in litigation will be denied." *Id.* at 688 (citing *Reilly v. United States*, 863 F.2d 149, 172 (1st Cir. 1988)). However, courts have also found "that a known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician, and holding that such 'newly discovered evidence' or 'intervening facts,' if convincingly proved, can warrant § 2675(b) relief." *Id.*

**Discussion**

The primary basis for the government's objection is that Magistrate Judge Thalken analyzed the motion under the liberal pleadings requirements of Federal Rule of Civil Procedure 15 and not pursuant to the narrower requirements of the FTCA. The government contends that the analysis was in error and contrary to law, and that if the court used the correct legal standard under the FTCA, the plaintiff's motion would have been denied. The plaintiff claims that granting the motion to amend the amount of the claim was correct because the plaintiff

presented the proper evidence required under the FTCA to demonstrate "newly discovered evidence not reasonably discoverable . . . ." *See* 28 U.S.C. § 2675(b).

The Court agrees that Rule 15 was the improper standard to analyze a motion to amend the amount of the FTCA claim. A plaintiff in a FTCA lawsuit is limited to the amount of the claim presented to the federal agency except when the plaintiff can present evidence that "the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" or "proof of intervening facts." *Michels,* 31 F.3d at 687-88 (quoting 28 U.S.C. § 2675(b))). The Eighth Circuit has found that newly discovered evidence under § 2675(b) can include a known injury worsening in ways "not reasonably discoverable by the claimant and his or her treating physician." *Id.* at 688. It is the plaintiff's burden to show that an amended damages claim rests newly discovered evidence. *See Chang-Williams v. United States*, No. CIV.A.DKC. 10-0783, 2011 WL 2680714, at *2 (D. Md. July 7, 2011)(citing *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990)).

In the instant case, the plaintiff alleges that she has submitted evidence to demonstrate that "newly discovered evidence" warrants an amendment to the initial claim amount.

-5-

When the plaintiff filed her administrative claim, she alleged that she suffered injuries to her left knee and the left side of her neck, and aggravated preexisting injuries of her left hip and lower back (Filing No. 57, Ex. E, Admin. Claim, at pp. 1-3). Plaintiff claims that the option of neck surgery was not reasonably foreseeable when she filed the administrative claim. The government argues that plaintiff's neck surgery was reasonably foreseeable and not newly discovered evidence.

Based on the evidence presented in this case, the Court finds that the plaintiff has not met her burden of proof to amend the amount of the claim under § 2675(b). Various medical records, and deposition testimony demonstrate that neck surgery was reasonably foreseeable prior to filing her administrative claim. On October 12, 2010, a document from the Regional West Physicians Clinic states that an MRI "shows a cervical spondylitic change, most noted C4-C5" and that the plaintiff "is encouraged to try physical therapy. If things are not going well, we will get her in with neurosurgery or interventional radiology." (Filing No. 57-1, at 165). On August 8, 2012, Dr. R. Sanford Kiser, MD, noted that the plaintiff was experiencing neck and low back pain and was referred to "Dr. Fabian who will see her in Sidney, Nebraska, for treatment as a spinal surgeon." (Filing No. 70-3, at 39). On August 14, 2012, a physical

therapist noted in the assessment section that the plaintiff "may end up needing some type of surgical intervention at the neck given her current complaints." (*Id.* at 42). In addition, during the plaintiff's deposition, she admitted that on August 9, 2012, she knew that neck surgery was going to be a potential issue (Filing No. 57-1, at 43).

Medical documents and advice put the plaintiff "on fair notice to guard against the worst-case scenario" before preparing her administrative claim. *See Reilly v. United States*, 863 F.2d 149, 172 (1st Cir. 1988). The possibility of neck surgery was reasonably foreseeable. Therefore, amending the administrative claim under § 2675(b) should have been denied. The Court finds that the magistrate judge's order (Filing No. 82) is clearly erroneous and contrary to law. As a result, the government's objection to the magistrate judge's order (Filing No. 85) will be sustained. Accordingly,

IT IS ORDERED:

1) The government's objection to the magistrate judge's order (Filing No. 85) is sustained.

2) The magistrate judge's January 22, 2016, order (Filing No. 82) is set aside, and the plaintiff's motion to further amend the amount of the claim (Filing No. 73) is denied.

DATED this 24th day of May, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court